# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER BRAWLEY, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | )   3:12-cv-2713-JEO |
|  | ) |
| SHOALS HOSPITAL, a/k/a COFFEE | ) |
| HEALTH GROUP, and CIGNA, | ) |
|  | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

This is an ERISA case. It was removed from state court on August 15, 2012 (Doc.[1] 1) and has been assigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636, FED. R. CIV. P. 72, and the general order of reference dated May 8, 1998, as amended July 27, 2000. The case comes to be heard for a report and recommendation, *see* 28 U.S.C. § 636(b) and FED. R. CIV. P. 72(b), on a FED. R. CIV. P 12(b)(6) motion to dismiss filed by Defendant Connecticut Health and Life Insurance Company of North America ("CHLIC"), which states that it is misidentified in the complaint as "CIGNA." (Doc. 6). Plaintiff Christopher Brawley has filed no response to the motion. Upon consideration, it is recommended that CHLIC's motion to dismiss be granted.

**I.    REVIEW STANDARDS**

Rule 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE authorizes a motion to dismiss

---

[1] References herein to "Doc(s). __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet.

all or some of the claims in a complaint (or in a counterclaim) on the ground that its allegations fail to state a claim upon which relief can be granted. Such a motion tests only the sufficiency of the claim set out in the plaintiff's pleadings. *Harris v. Proctor & Gamble Cellulose Co.*, 73 F.3d 321, 324 (11th Cir. 1996). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *i.e.*, "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court is generally limited to considering the complaint itself and must assume that its allegations are true and give the plaintiff the benefit of all reasonable factual inferences. *Hazewood v. Foundation Financial Group, LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008) (per curiam). However, the court is also authorized to consider documents referred or attached to the complaint that are central to the plaintiff's claims and whose authenticity is unchallenged. *See SFM Holdings, Ltd. v. Banc of Amer. Securities, LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010); *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). To the extent that such documents are considered and they contradict the allegations of the complaint, the documents control. *See Friedman v. Market Street Mortg. Corp.*, 520 F.3d 1289, 1295 n. 6 (11th Cir. 2008); *Griffin Indust., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

## II.    BACKGROUND

Plaintiff filed this action in the Circuit Court of Colbert County, Alabama, on July 10, 2012. (*See* Doc. 1-1 at pp. 3-7 ("Complaint" or "Compl.")). In his pleading, Plaintiff made the following salient allegations:  On or about October 3, 2010, Plaintiff suffered physical injuries in a motor vehicle accident. (Compl. ¶¶ 1, 4). He was prescribed physical therapy at Shoals

Hospital, which is also known, Plaintiff alleges, as "Coffee Health Group" (hereinafter the "Hospital").  (*Id.* ¶ 2).  Plaintiff presented representatives of the Hospital with "his CIGNA PRD Health Care provider card under Group Plan 7244," a photocopy of which is attached to the Complaint as Exhibit A.  (*Id.* ¶ 3; *id.*, "Exhibit A").  Representatives of the Hospital initially told Plaintiff that his "health care (sic) would not cover [the physical therapy expenses] because they wanted to know who the driver of the other vehicle was, and who his insurance company was." (*Id.* ¶ 4).  Plaintiff provided that information to the Hospital, advising it of the name of the other driver and that his insurer was "State Farm Insurance" ("State Farm").  (*Id.*)  While the Hospital thereafter "filed [the claim,] ... CIGNA PRD failed to pay for his physical therapy."  (Compl. ¶¶ 5-11).  As a result, Plaintiff has been "harassed" by "bill collectors" and suffered "emotional distress."  (*Id.*, ¶ 10; Ad Damnum Clause following ¶ 11).

Based on these allegations, Plaintiff asserted a cause of action against "CIGNA" or "CIGNA PRD"[2] (hereinafter "CIGNA") for improperly failing to pay his insurance claim.  While the Complaint does not expressly state the basis for that legal claim, it is presumably founded upon a breach-of-contract theory under Alabama law.  Plaintiff also sued the Hospital for "failing to file his insurance properly."  (*Id.*, Ad Damnum Clause following ¶ 11).  On those claims against CIGNA and the Hospital, Plaintiff demands $28,000.  (*Id.*)

Plaintiff further asserts that the Hospital engaged in "fraud" (*id.*, "Count II[3]" ¶ 1).  That

---

[2]In the caption of the Complaint, Plaintiff identifies this defendant as "CIGNA."  However, at various times in the body of the pleading, Plaintiff seems to identify it variously as "CIGNA-PRD" (Compl. ¶ 3), "CIGNA PRD" (*id.*, ¶¶ 7, 8, 9, 11, Count Two ¶ 2), or simply "CIGNA" (*id.*, Count Two ¶ 4).

[3]Plaintiff's complaint is far from a model of draftsmanship.  For example, in the middle of the pleading, he captions a section as "Count II," but there are is no "Count I" nor any other

claim is premised upon the allegation that the Hospital knowingly failed to "file [his insurance claim] with [CIGNA] in the proper time allocated" (Compl., Count Two ¶ 4).  The Hospital did so, Plaintiff suggests, in an effort to recover "full monies" (*id.*, Count Two ¶ 1) for Plaintiff's physical therapy treatment from the insurer of the other driver involved in the accident, rather than "discounted monies from CIGNA."  (*Id.*, Count Two ¶ 3).  On that claim, Plaintiff demands $12,000.  (*Id.*, Ad Damnum Clause following Count Two ¶ 4).

The action was removed to this court by CHLIC, which stated that it was improperly identified in the Complaint as "CIGNA."  (Doc. 1).  CHLIC removed on the basis that Plaintiff's claim against it for failure to pay his claim for physical therapy expenses is actually a claim for benefits under an employee benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.  Accordingly, CHLIC maintained, that claim is subject to the "complete preemption" doctrine, rendering removal of the action proper under 28 U.S.C. §§ 1441 and 1331(a).  *See Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

On September 5, 2012, CHLIC moved to be dismissed pursuant to FED. R. CIV. P. 12(b)(6). (Doc. 6).  In short, CHLIC contends that Plaintiff has sued the wrong party.  More specifically, CHLIC insists that the Summary Plan Description ("SPD") of the ERISA benefit plan at issue, a copy of which is an exhibit to CHLIC's notice of removal (*see* Docs. 1-2, 1-3, 1-4), establishes that CHLIC is not the plan administrator and was not responsible for determining Plaintiff's eligibility for the benefits denied.  Although Plaintiff has had approximately four

---

captions in the pleading otherwise.  Plaintiff also starts the paragraph enumeration in that "Count II" as beginning again with "1."  As a result, the Complaint contains two different paragraphs each numbered "1.," "2.," "3.", and "4."

months in which to file a response to the motion, he has not done so.

## III. DISCUSSION

Upon removal, CHLIC presented a copy of the SPD for an employee benefit plan established and maintained by Plaintiff's employer, Sequel Youth and Family Services, LLC ("Sequel"), effective April 1, 2010. There is no dispute that Plaintiff's cause of action for the denial of payment for his physical therapy amounts to a claim for benefits under the terms of that plan (the "Plan"). Nor has any challenge been made to the authenticity of the SPD. Accordingly, the court may consider the SPD in ruling on CHLIC's motion to dismiss without converting the motion to one for summary judgment under FED. R. CIV. P. 56. *See Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n. 7 (11th Cir. 2006).

There is also no dispute that the Plan is subject to ERISA or that Plaintiff is effectively making a claim for benefits thereunder. *See* 29 U.S.C. § 1132(a)(1)(B). In the Eleventh Circuit, "the proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997). "Proof of who is the plan administrator may come from the plan document, but can also come from the factual circumstances surrounding the administration of the plan, even if these factual circumstances contradict the designation in the plan document." *Hamilton v. Allen-Bradley Co.*, 244 F.3d 819, 824 (11th Cir. 2001) (citing *Rosen v. TRW, Inc.*, 979 F.2d 191, 193-94 (11th Cir. 1992)). However, application of the "de facto administrator" doctrine based on how the plan is actually administered has been limited to situations in which a plaintiff sought to hold his employer liable for benefits as a plan administrator despite the fact that the plan documents formally recognized that the employer had outsourced responsibility for administering

claims to a separate entity. *See Oliver v. Coca Cola Co.*, 497 F.3d 1181, 1193-95 (11th Cir.), *reh'g granted*, 506 F.3d 1316 (11th Cir. 2007), *adhered to in relevant part on reh'g*, 546 F.3d 1353, 1354 (11th Cir. 2008). By contrast, the Eleventh Circuit has rejected application of the doctrine where a plaintiff sought to impose ERISA liability on a third-party administrative services provider where the employer reserved the right in the plan documents to review benefits denials. *See Oliver*, 497 F.3d at 1193-95; *Baker v. Big Star Div. of the Grand Union Co.*, 893 F.2d 288, 290 (11th Cir. 1989).

    The SPD expressly sets forth the Plan's administrative arrangement as follows:

> **Administration** – This plan of benefits is administered through the Human Resources Department of Sequel Youth and Family Services, LLC. As Plan Administrator, Sequel Youth and Family Services, LLC has the discretionary power and authority to: determine eligibility for benefits; interpret or construe the terms of the Plan and any other writing affecting the establishment or operation of the Plan; determine questions of fact which arise in connection with the Plan; and decide all matter arising under the Plan, based on the applicable facts and circumstances. The Loomis Company has been retained to provide independent services in the area of claims processing.

(SPD at 97, Doc. 1-4 at p. 28). The SPD further explains the procedure for filing a claim for benefits under the Plan:

> **Claim Timely Filing**
>
> If you or a covered dependent claim benefits, a proof of claim must be furnished to The Loomis Company within 12 months following the date of loss. If a written claim form is not furnished to the claims processor within 12 months, the claim may be denied or reduced. ...
>
> **How to Appeal A Claim Denial**
>
> You or your representative has 180 days after receipt of an adverse benefit determination to appeal to the Plan Administrator. To appeal an adverse benefit determination or to review administrative documents pertinent to the claim, send a written request to The Loomis Company. ...

(SPD at 27, Doc. 1-1 at 28).

Because the SPD names the employer, Sequel, as the plan administrator and provides that The Loomis Company ("Loomis") will act as a third party claims processor, the SPD utterly belies Plaintiff's bald assertion that his benefits claim for physical therapy expenses was "refused" or even processed by some other entity known as "CIGNA," "CIGNA PRD," or CHLIC. Indeed, the only indication that the "CIGNA" entity has any connection to this case is the photocopy of Plaintiff's insurance identification card attached to the Complaint, which includes CIGNA's company "tree" logo adjacent to the name "GWH-CIGNA PPO"[4] at the top. (Compl., Ex. A). Thus, it appears that the "CIGNA" entity that Plaintiff has sued is or was simply the preferred provider organization ("PPO") in Plaintiff's area. That is, it is an entity with whom the Plan or its administrator contracted to allow access to price discounts for the services of a network of health care providers with whom the PPO has also contracted. *See generally, e.g., Shands Teaching Hosp. & Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000). Because the "CIGNA" entity was not the Plan administrator or otherwise responsible for the failure to pay Plaintiff's claim for benefits, CHLIC be dismissed.

## III. RECOMMENDATION

Based on the foregoing, it is RECOMMENDED that CHLIC's Rule 12(b)(6) motion to dismiss (Doc. 6) is due to be GRANTED.

### Notice of Right to Object

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2), FED. R. CIV. P., any party may

---

[4] Plaintiff or his counsel appears to have misread the "PPO" as "PRD" due to the poor quality of the photocopy.

file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk. Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal. Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

DONE, this 8th day of January, 2013.

*/s/ John E. Ott*
**JOHN E. OTT**
Chief United States Magistrate Judge